By the Court.
Section 13 of the act of May 6, 1868 (S. & S. 327), provides that orders drawn pursuant to its provisions, by the county auditor, shall be payable out of the county treasury. It designates the place of payment, but does not specify the fund out of which such payment is to be made. It, however, prescribes an assessment by'which the sums required may be collected into the treasury. The legislature has directed the levy of taxes separately, for county purposes, for bridges, roads, etc. — each to be kept distinct from every other; and the disbursement of moneys raised for one purpose, in payment of obligations contracted for any other *394 object, is forbidden, save in cases expressly named by statute. It is not claimed by the relator that any part of the bridge or road funds can be used in payment of the orders field by him, but he urges that money collected for “ county purposes” may be so used. We think not. While the construction or maintenance of public roads and bridges is by express enactment excluded from “ county purposes,” it can hardly be maintained that the legislature intended to include within them labor upon a local drain. The peremptory writ must be refused, and the application dismissed at. the costs of the relator.